
1  Stuart M. Richter (Cal. State Bar No. 126231)
   Ryan J. Larsen (Cal. State Bar No. 211622)
2  Gregory S. Korman (Cal. State Bar No. 216931)
   Noah R. Balch (Cal. State Bar No. 248591)
3  **KATTEN MUCHIN ROSENMAN LLP**
   2029 Century Park East, Suite 2600
4  Los Angeles, CA 90067-3012
   Telephone: 310.788.4400
5  Facsimile: 310.788.4471

6
7  Attorneys for Defendants
   HSBC MORTGAGE SERVICES INC.
8
9               **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11

| HOMERO VELASQUES SAABEDRA<br>Sramineus Homo, US Vessel | Case No.: CV 08 0233 SI |
|---|---|
| Libellant,<br>vs.<br>HSBC MORTGAGE SERVICES, US Vessel DOES, ROES, and MOES 1-100 et al, US Vessel sand<br>Libellees, | **NOTICE OF MOTION AND MOTION BY DEFENDANT HSBC MORTGAGE SERVICES INC. TO DISMISS SO-CALLED "PETITION"; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. Proc. 12(b)(6)] |
| Homero Velasques Saabedra<br>Lien Holder of the Vessel, the Real Party In Interest, Lawful Man<br>Injured Third Party<br>Intervener/Petitioner/Libellant,<br>vs.<br>HSBC MORTGAGE SERVICES, U.S. Vessel DOES, ROES, and MOES 1-100 et al<br>US VESSELS<br>INDIVIDUALLY AND SEVERALLY<br>Third Party Defendants/Libellees, | Date: March 21, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom No. 10, 19th Floor<br><br>Honorable Susan Illston |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 21, 2008 at 9:00 a.m., or as soon thereafter as the matter can be heard, before the Honorable Susan Illston, in Courtroom No. 10, 19th floor of the above-named Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, defendant HSBC Mortgage Services Inc. ("HSBC") will, and hereby does, move for an order dismissing the purported Petition of Libel of Review of An Administrative Judgment by petitioner Homero Velasques Saabedra ("Petitioner") and each claim for relief asserted therein.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the Petition does not state a claim upon which relief can be granted because Plaintiff's complaint is incomprehensible and incoherent.

The only Cause of Action for Libel of Review of An Administrative Judgment should be dismissed because Petitioner fails to state any cognizable legal claim against HSBC.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Petition, the papers and records on file, such matters of which the Court may or must take judicial notice, and such further argument as may properly be presented to this Court at the hearing on this Motion.

Dated: February 6, 2008

**KATTEN MUCHIN ROSENMAN LLP**
Stuart M. Richter
Ryan J. Larsen
Gregory S. Korman
Noah R. Balch

By: _____
Ryan J. Larsen
Attorneys for defendants
HSBC MORTGAGE SERVICES INC.

1

NOTICE OF MOTION AND MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

The Petition filed with the Court is incomprehensible.[1] After reading it, one is left with no better understanding of Petitioner's claims than if one had never read it at all. In fact, defying all logical explanation, Petitioner refers to himself as a "vessel," cites a "[l]aw of the flag" by referencing biblical passages, states that his lawsuit is cargo aboard a vessel, and warns that anyone who trespasses on his claim is "committing Criminal Barraty and Piracy on the high seas of Admiralty Law." Most shocking is Petitioner's statement that the failure of this Court to enter judgment would create another injury, entitling Petitioner to compensatory and punitive damages presumably recoverable from the Court itself.

Since the Petition has no basis, this Court should dismiss it.

## II. STATEMENT OF FACTS.

This pleading is devoid of facts. The only fact that can be gathered is that Petitioner may have owned a boat upon which HSBC held a superior lien. Beyond that possible scenario, Petitioner fails to articulate any facts upon which this Court can rely.

## III. ARGUMENT.

### A. Legal Standard For Rule 12(b)(6) Dismissal.

Federal Rule of Civil Procedure Rule 12(b)(6) provides for dismissal when the party has failed to state a claim upon which relief can be granted. Accordingly, dismissal is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under an actionable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

---

[1] Petitioner appears to sue HSBC, US Vessel "DOES, ROES, and MOES," and "US Vessel sand," without explaining how any of these entities relate to his lawsuit.

1      To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to
2  state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, --
3  -U.S. ----, ----, 127 S.Ct. 1955, 1974 (2007). A plaintiff must provide the grounds of
4  his entitlement to relief, which requires more than mere labels and conclusory
5  allegations. <u>Id.</u> at 1964. On a motion to dismiss, courts "are not bound to accept as
6  true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S.
7  265, 286 (1986). "[T]he pleading must contain something more . . . than . . . a
8  statement of facts that merely creates a suspicion [of] a legally cognizable right of
9  action." 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1216, pp. 235-236
10 (3d ed. 2004).

    **B.**     <u>**Petitioner's Only Purported Cause of Action For Libel Of Review Of An Administrative Judgment Should Be Dismissed Because Petitioner Does Not Allege Any Legal Claim Against HSBC.**</u>

14     Petitioner has failed to allege even the possibility of a cognizable legal claim
15 against HSBC. <u>Balistreri</u>, 901 F.2d at 699. The Petition recites a series of legal and
16 admiralty terms without explanation or effort to tie them together. Critically, it is not
17 clear what relief Petitioner is seeking, from whom he seeks such relief, and upon
18 which legal theory. <u>Bell Atlantic Corp.</u>, 127 S.Ct. at 1964. Even reading the Petition
19 in the most favorable light to the Petitioner finds no specific cause of action or
20 assertion to establish any wrongdoing whatsoever by HSBC. <u>Associated General
21 Contractors of California, Inc. v. California State Council of Carpenters, et al.</u>, 459
22 U.S. 519, 526 (1983). Because Petitioner fails to state a claim upon which relief could
23 be granted, the Petition should be dismissed.

24     Even if the Court could fashion a legitimate cause of action out of the Petition,
25 the Petitioner failed to provide grounds to establish liability on the part of HSBC.
26 Petitioner appears to allege that he is a superior lien holder or a holder in due course
27 of a US Vessel by security agreement. (Petition, Facts, para. x and z, p. 7.) He

1  defines HSBC as an agent of a foreign principal and as a "foreign state." (Petition,
2  para. 10, p. 3.)  Petitioner alleges that this case involves "a man on the land
3  complaining about theft and kidnap." (Petition, para. 11, p. 3.)  For no apparent
4  reason, Petitioner cites to the "[l]aw of the flag" and to the Bible while stating that
5  reducing a man to chattel against the national debt is "an affront to God. Exodus,
6  13:16 and Genesis 1:27." Additionally, Petitioner alleges that the "judges, clerks, etc.
7  – operate on the behalf of a defacto foreign fiction government." (Petition, para. 14,
8  p. 4.) Petitioner alleges that the Clerk is a public vessel and that this lawsuit is cargo
9  on a Bill of Lading. (Petition, para. 22, p. 4.) With no explanation, Petitioner seeks
10 compensatory and punitive damages for $11,580,277.32, which he expected to receive
11 by December 17, 2007. Petitioner goes so far as to threaten HSBC with a baseless
12 warrant for its arrest if it should make a "hostile presentment before this [C]ourt."
13 (Petition, para. 26, p.5.)

14 At bottom, the Petition contains unsupportable conclusions couched as factual
15 assertions, which are insufficient to state a claim for relief. Papasan, 478 U.S. at 286;
16 Bell Atlantic Corp., 127 S.Ct. at 1974. Most, if not all, of Petitioner's allegations are
17 incoherent. Charitably put, the allegations in the Petition warrant dismissal under
18 Rule 12.

19 **IV.  CONCLUSION.**

20 For the foregoing reasons, HSBC respectfully request that this Court dismiss
21 the Petition, and each cause of action alleged therein, if any exist.

22 Dated: February 6, 2008           **KATTEN MUCHIN ROSENMAN LLP**
                                      Stuart M. Richter
23                                    Ryan J. Larsen
                                      Gregory S. Korman
24                                    Noah R. Balch

                                      By: _____
                                          Ryan J. Larsen
                                      Attorneys for Defendant HSBC MORTGAGE
                                      SERVICES INC.

3

# PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      ) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Katten Muchin Rosenman LLP, 2029 Century Park East, Suite 2600, Los Angeles, California 90067-3012. On February 6, 2008, I served the within document(s):

**NOTICE OF MOTION AND MOTION BY DEFENDANT HSBC MORTGAGE SERVICES INC. TO DISMISS SO-CALLED "PETITION"; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

I sent such document from facsimile machine 310.788.4471 on February 6, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 310.788.4471 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

X   BY U.S. MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Homero Velasques Saabedra
125 Main Place
Woodland, CA 95695

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 6, 2008, at Los Angeles, California.

CRYSTAL McCAREY

NOTICE OF MOTION AND MOTION TO DISMISS

31419115_240245_00213

1  Stuart M. Richter (Cal. State Bar No. 126231)
   Ryan J. Larsen (Cal. State Bar No. 211622)
2  Gregory S. Korman (Cal. State Bar No. 216931)
   Noah R. Balch (Cal. State Bar No. 248591)
3  **KATTEN MUCHIN ROSENMAN LLP**
   2029 Century Park East, Suite 2600
4  Los Angeles, CA 90067-3012
   Telephone:  310.788.4400
5  Facsimile:  310.788.4471

6
   Attorneys for Defendant
7  HSBC MORTGAGE SERVICES INC.

8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10

11 HOMERO VELASQUES SAABEDRA            )  Case No.: CV 08 0233 SI
   Sramineus Homo, US Vessel            )
12                                      )  [PROPOSED] ORDER ON
                 Libellant,             )  MOTION TO DISMISS FILED BY
13       vs.                            )  DEFENDANT HSBC MORTGAGE
                                        )  SERVICES INC.
14 HSBC MORTGAGE SERVICES, US           )
   Vessel DOES, ROES, and MOES 1-100    )
15 et al, US Vessel sand                )  Date:   March 21, 2008
                                        )  Time:   9:00 a.m.
16               Libellees,             )  Place:  Courtroom No. 10, 19th Floor
                                        )
17 ─────────────────────────────        )  Honorable Susan Illston
                                        )
18 Homero Velasques Saabedra            )
   Lien Holder of the Vessel, the Real Party )
19 In Interest, Lawful Man              )
   Injured Third Party                  )
20 Intervener/Petitioner/Libellant,     )
                                        )
21       vs.                            )
                                        )
22 HSBC MORTGAGE SERVICES, U.S.         )
   Vessel DOES, ROES, and MOES 1-100    )
23 et al                                )
   US VESSELS                           )
24 INDIVIDUALLY AND SEVERALLY           )
                                        )
25 Third Party Defendants/Libellees,    )
                                        )
26                                      )
                                        )
27 ─────────────────────────────        )

28

1  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2      The motion to dismiss filed by Defendant HSBC Mortgage Services Inc.
3  ("HSBC") came on regularly for hearing at 9:00 a.m. on March 21, 2008 in the United
4  States District Court, The Honorable Susan Illston presiding.
5      Having considered the pleadings and papers on file and the argument of counsel
6  at the hearing, IT IS HEREBY ORDERED, as follows:
7      1.   As to HSBC, Plaintiff's Petition for Libel of Review of An
8  Administrative Judgment is dismissed.
9      2.   Plaintiff shall file a first amended complaint, if any, within 10 days of the
10 date of this Order.

11
12
13 DATED: _____      _____
14                                           United States District Judge

# PROOF OF SERVICE

STATE OF CALIFORNIA   )
                     ) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Katten Muchin Rosenman LLP, 2029 Century Park East, Suite 2600, Los Angeles, California 90067-3012. On February 6, 2008, I served the within document(s):

**[PROPOSED] ORDER ON MOTION TO DISMISS FILED BY DEFENDANT HSBC MORTGAGE SERVICES INC.**

I sent such document from facsimile machine 310.788.4471 on February 6, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 310.788.4471 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

X  BY U.S. MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Homero Velasques Saabedra
125 Main Place
Woodland, CA 95695

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 6, 2008, at Los Angeles, California.

CRYSTAL McCAREY